**John GRANITO, Plaintiff–Appellant,**

v.

**Theodore J. TISKA, Deputy Sheriff, Delaware County Sheriff Department, in his individual and official capacity, County of Delaware, Thomas E. Mills, as Sheriff of Delaware County, Glen R. George, Town Justice, Town of Middletown Justice Court, V.W. Parts, Inc., VWP, Inc., William W. Hraza-**

nek, individually and as President and Chair of the Board and Owner of V.W. Parts, Inc. and VWP, Inc. and Richard Loguidice, Defendants–Appellees.

No. 03–9305.

United States Court of Appeals,
Second Circuit.

Jan. 7, 2005.

Lewis B. Oliver, Jr., Albany, NY, for Appellant.

Frank W. Miller, Law Firm of Frank W. Miller, East Syracuse, N.Y. (Christian P. Jones, Law Firm of Frank W. Miller, East Syracuse, NY) for Defendant–Appellee, Sergeant Theodore J. Tiska.

Peter J. Hickey, Albany, NY, for Defendants–Appellees, William W. Hrazanek, V.W., Parts, Inc. and VWP, Inc.

Present: CARDAMONE, JACOBS, and CABRANES, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

John A. Granito, Jr., former mayor of the Village of Fleischmanns, and member of the Village Board of Health, commenced this action alleging a host of federal constitutional claims pursuant to 42 U.S.C. § 1983, and related state claims, all arising from his prosecution for trespass upon a junkyard. Granito appeals from an order of the United States District Court for the Northern District of New York (McAvoy, J.) granting summary judgment in favor of Sergeant Theodore Tiska, a deputy sheriff in Delaware County; V.W. Parts, Inc. and VWP, Inc. (collectively, "V.W. Parts"), auto-parts junkyard businesses; and William Hrazanek, the president of V.W. Parts. Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

This Court reviews the district court's grant of summary judgment *de novo. See Young v. County of Fulton,* 160 F.3d 899, 902 (2d Cir.1998).

We do not consider the merits of Granito's arguments against Hrazanek and V.W. Parts because (ordinarily) " '[w]e will not consider an argument raised for the first time in a reply brief.' " *Evangelista v. Ashcroft,* 359 F.3d 145, 156 n. 4 (2d Cir. 2004) (quoting *United States v. Yousef,* 327

F.3d 56, 115 (2d Cir.2003)). For the same reason, we do not consider Granito's First Amendment arguments. *See id.*

It is clear enough looking back, that Granito probably acted with proper authority of law in entering the premises of V.W. Parts. Indeed, the trespass charges against him were dismissed. Nevertheless, Sergeant Tiska had, at a minimum, arguable probable cause to arrest Granito, and is therefore entitled to qualified immunity from Granito's claims. *Escalera v. Lunn,* 361 F.3d 737, 743 (2d Cir.2004). "Arguable probable cause exists 'if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met.' " *Id.* (quoting *Golino v. City of New Haven,* 950 F.2d 864, 870 (2d Cir.1991)). In determining that Tiska had arguable probable cause, we note that—regardless of whether Hrazanek had, in fact, ever told Granito to stay off the property—Hrazanek told Tiska that he had done so. For the purpose of determining arguable probable cause, Tiska was permitted to rely on Hrazanek's statements. *See Martinez v. Simonetti,* 202 F.3d 625, 634 (2d Cir.2000) (" '[I]t is well-established that a law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness.' ") (quoting *Miloslavsky v. AES Eng'g Soc'y,* 808 F.Supp. 351, 355 (S.D.N.Y.1992), *aff'd,* 993 F.2d 1534 (2d Cir.1993)).

While we hold that Tiska had arguable probable cause to arrest Granito, and while we agree with the grant of summary judgment against Granito on all claims (including those against Hrazanek), we acknowledge Granito's legitimate grievance. It appears that Granito was acting in good faith in executing his duties as mayor of the Village, and, that as a result of his efforts to execute the duties of his office, he was rewarded with legal actions initiated by Hrazanek that appear to be less than well-motivated. In short, we are presented with a set of disagreeable facts for which (we are required to conclude) there is no obvious or available legal redress in this case.

The district court acted within its discretion in declining to exercise supplemental jurisdiction over Granito's remaining claims, which are asserted under state law. *See* 28 U.S.C. § 1367(c)(3).

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.